## CHARLES ECKLEY ET AL.
## V.
## THOMAS CLARK ET AL.

*Administration—Settlement—Bill to Impeach Final Account—Burden of Proof—Evidence.*

After the settlement of an estate the correctness of the administrator's final account is presumed. Where a bill is filed to impeach such an account the burden of proof is upon the complainant.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of Warren County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAM K. STEWART and R. J. GRIER, for appellants.

Mr. JOHN PORTER, for appellees.

LACEY, J.  This was a bill in equity filed in August, 1876, by the heirs of Patrick Clark, deceased, against the appellant, Charles Eckley, who was the administrator of the estate, and his sureties on the administrator's bond, for the purpose of impeaching a final account filed by the said administrator on final settlement of the estate November 21, 1872, and to compel the administrator to render an account for various items not accounted for, and to estimate from this account on the credit side various items which, as appellees claim, were erroneously entered therein.

The bill was demurrable for failure to charge fraud on the part of the administrator, but as it was answered without objection we will treat it as though the account was being re-stated properly. The first error that was committed by the court below was in not holding that the final account was *prima facie* correct, and in not casting the burden of proof on the appellees to show its error, the account having been approved by the County Court.

The cause upon the coming in of various answers and defaults was referred to the master with instructions to him to take the evidence and state an account. The master complied with the order and took the evidence and stated the account, to which both the appellants and appellees filed exceptions, which exceptions were carried into the Circuit Court, and upon the hearing of such exceptions by the Circuit Court that court rendered a decree against the appellants for $894.84, consisting of $523.27 as principal, and $371.57 interest, being from November 2, 1872, to September 25, 1884.

The first claim charged to the administrator is $50, paid by John Clark; this item had already been credited to the estate, as he swears, in an item of $54, as his report shows. The legal presumptions are also in his favor, and this is erroneously charged to him. The next is the amount of the judgment of the administrator v. Francis Clark, which he claims to have paid to the administrator, of $273.35. The appellees having the burden of proof to establish this claim, failed to overcome such presumption and the testimony of appellant to the contrary, and we think the proof does not establish that Francis Clark ever paid it. It is not necessary to go into a full examination of the evidence. We are well satisfied that the full claim of Mrs. E. Eckley, of $401.84, paid her by the administrator, should have been allowed him. The evidence entirely fails to show that appellant Eckley had any funds with which he could have paid such claim at the time Mrs. E. purchased it, and it does show that she purchased it with her own funds and she was entitled to charge the entire claim, principal and interest. It was error then to deduct from the administrator's charges an account of such payment, $66.47, the amount Mrs. E. discounted the claim in her purchase.

We find nothing in the evidence to impeach, in any way, the correctness of the two claims of Hannah Shanks of $18 and $15 to the amount allowed, and that would authorize their reduction to $10 each, which was done; one receipt shows she was paid $10, and the other $15, and only one should be reduced to the amount of $8. There is no evidence to show that the two payments to Thomas Clark of $10 each were

duplicates, or that the two attorney's fees of Talliaferro for $10 each were duplicated. Unless such evidence clearly showed them to be duplicates, the presumption would be that the report was correct.

The reducing of the crier's fee to $3 is correct; as Hutchins swears he cried but one sale, hence the charges must be duplicated and the law only allowed $3 fee for such services.

The striking out the allowance of the administrator by the County Court, of $50 for expenses in settling the estate, was error, as by the law then in force the County Court had the discretion to make the allowance, and that discretion could not now be interfered with by the Circuit Court. See Sec. 175 Chap. 109, Wills, Gross' Statute, 1868. There may have been a mistake in favor of the administrator of $7.65 in calculating interest on the last real estate note. As to that, as the evidence was not fully abstracted, it can not now be fully determined nor can it be fully determined what effect the non-payment of a portion of the lost note had on it. We leave that matter to be adjusted by the court below upon final hearing as it may determine.

The court below did not err in refusing to allow the interest claimed by appellees, there being no sufficient evidence to support such a charge.

Although the Statute of Limitations may not have run against this action, yet where years have been allowed to elapse before commencing suit to compel a re-adjustment of account, the evidence should show clearly that the settlement was erroneous, and all presumption should be indulged in favor of the administrator and his securities. They are taken at great disadvantage by this long delay. Of course it was error to order execution against the administrators of some of the sureties who have died, but that can be corrected on another hearing; so it is not necessary to make any further order concerning that matter.

The decree of the court below is reversed and the cause remanded to the court below with instructions to proceed in accordance with this opinion.

*Reversed and remanded.*

REHEARING.

[Opinion filed December 15, 1887.]

*Per Curiam.*   The appellees file their petition herein for a rehearing.   The error claimed to have been committed by this court in its decision, and most particularly relied on, is in holding that the proof did not establish that Francis Clark ever paid the judgment of $273.35 rendered in favor of the administrator against him.

In regard to the above item, we said in the opinion filed that " the appellees, having the burden of proof to establish the claim, failed to overcome such presumption and the testimony of appellant to the contrary, and we think the proof does not establish that Francis Clark ever paid it.   It is not necessary to go into a full examination of the evidence."

Since the petition has been filed, we deem it no more than proper to give our reasons for arriving at the conc'us'on we did more at large.   They are as follows : It is now contended in the petition that a certain receipt given by John Shaffer to Francis Clark, dated September 30, 1871, for that sum, to be applied " on his account to the estate of Patrick Clark," and other evidence in connection, establishes the fact that appellant should be charged with it.   An order is shown from the administrator to William Morris, directed to Francis Clark, requesting him to pay Morris this sum, " being amount due estate of Patrick Clark from you on judgment."

Also the administrator, in his final report, credits himself with this item as follows by amount paid out as follows: " September 30, 1871.   John Shaffer on judgment $273.35."

It is claimed that this evidence proves that the appellant Eckley got the benefit of this amount and that it was not charged to him on the debtor side in his final account.   But we think this is a misapprehension of the evidence.   There does not appear to be any charge in the final report of the appellant of an item specifically covering this judgment.   But the administrator charges himself with two promissory notes of $850, each given to him by Francis Clark, John Clark and

Royal Ranney, dated May 9, 1868, due in six and twelve months respectively, given as sale notes for sale of real estate left by deceased to pay debts. We think that the evidence pretty clearly shows that about $320 of the note due in six months was never paid, unless this sum of $273.35 be applied on that account.

It is true that John Clark testifies that he paid the balance of the note in full on April, 1869, in Oquawka, and that it had been in his possession ever since until the winter or spring before his deposition was taken. But appellant and his attorney Taliaferro both swear that the note was put into the latter's hands to collect and had never been taken out till just before the final report was made, November 21, 1872, and that, to the best of their belief, it was filed with the papers as estate papers, and that only three payments had been made on it. All these payments, amounting only to $530, Taliaferro received and indorsed on the note in his own handwriting. But the appellant charged himself with the entire amount of the note in his final report.

A preponderance of the evidence shows that only that amount of the note had been paid, unless the $273.35 should be allowed against it. This is the effect of what was done by the settlement. The administrator charged himself in general account with the note, and took credit in the same account for this sum, as paid out for the benefit of the estate. The account, as rendered, was approved by the court and the administrator discharged, the court finding, in the final order, that the "administrator had completely settled the estate and there were no assets remaining in his hands." This was *prima facie* evidence that everything had been completely settled. If it had been necessary to put this sum of $273.35, on the debtors' side of the administrator's account in addition to what was already there, it was the duty of the court to see that it was done, and *prima facie* we must presume all was done that the law and the facts required. The presumption of law is in favor of administrator's reports and allowances. People v. Lott, 36 Ill. 447; Bond v. Lockwood, 33 Ill. 212; Lupton v. Janney, 13 Pet. 381. In the latter case above cited Judge Story

says: "Nothing is more clear than the general rule that *ex parte* settlement of accounts of this sort in the Orphans' Court, being matters within the knowledge and jurisdiction of the court, in the administration of assets, are *prima facie* evidence of their own verity and correctness; and the *onus pro_ bandi* is upon those who seek to impeach them."

The evidence tending to show that the judgment was paid by Francis Clark, is not so strong as to overcome this presumption and the evidence introduced by appellant. The judgment itself is not satisfied of record; appellant and Taliaferro both swear, to the best of their judgment, it was not paid. Wm. Morris swears, to the best of his recollection, he gave no order to Shaffer on Francis Clark to pay the judgment to Shaffer and knows nothing about the order from Eckley to him on Francis Clark, set out in the record, and never saw it till the last week immediately prior to the time his evidence was taken.

Francis Clark has had an injury on his head that impairs his recollection. He swears he paid all the $175 account (supposed to have been with interest the amount of the judgment) to John Schaffer except $30, for which he gave his note, which he never paid. He swears Shaffer brought him an order from Morris. He would not pay any money to Eckley and this is why, as he swears, Schaffer brought the order from Morris to him. He knew nothing about the order from Eckley to Morris above referred to.

This eviden e, in our opinion, is not sufficient to establish the payment of the judgment by Francis Clark. After the lapse of so long a time from the approval of the final report and the discharge of the administrator to the filing of the bill herein, the impression of the facts relating to the special items of account has become dimmed in the minds of the witnesses, and for this and other reasons the final settlement ought not to be lightly disturbed. Clear proof of substantial error should be required. John and Francis Clark, now parties complaining herein, were present at the time of filing the last report or knew of it soon afterward, and this alleged error concerned them particularly, yet neither of them made any objection for a long time afterward, and Francis was in favor of letting the settlement stand.

All is said in our opinion, heretofore filed, as to the other items and the rules of law applicable, that we desire to say. We adhere to that opinion. The motion for a rehearing is denied.

*Motion denied.*